Raymond K. THARP; Brenda D. Tharp, Plaintiffs–Appellants,

v.

UNITED STATES of America, Internal Revenue Service; Richard Moecia, Defendants–Appellees.

No. 00–4314.

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before MARTIN, Chief Judge; NELSON, Circuit Judge; RICE, District

Judge.*

Raymond K. Tharp and Brenda D. Tharp, pro se Ohio residents, appeal a district court judgment dismissing their civil action seeking damages against the Internal Revenue Service pursuant to 26 U.S.C. § 7433. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, the Tharps sued the IRS and IRS employee, Richard Moecia, contending that their 1994 income tax return was incorrectly processed. The district court subsequently dismissed the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

In their timely appeal, the Tharps contend that documents from the Department of Justice were false and that they have attempted to exhaust their administrative remedies by having meetings with the Problem Solving Division of the IRS.

This court reviews de novo a district court's dismissal of a case for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Turker v. Ohio Dep't of Rehab. & Corrs.,* 157 F.3d 453, 456 (6th Cir.1998). The court must construe the complaint in the light most favorable to the plaintiff, accept his factual allegations as true, and determine whether he can prove any set of facts in support of his claims that would entitle him to relief. *Id.*

■ The district court properly dismissed plaintiffs' complaint for failure to state a claim. The Tharps contend that the district court erred in relying on a document from the Department of Justice in which they reportedly agreed to dismiss

their case. However, after the Department of Justice filed the letter as a motion to dismiss, the Tharps' attorney filed a response opposing the motion to dismiss. Thus, the Tharps' objection to the motion to dismiss was well briefed before the court. Further, the district court did not rely on this statement by the Department of Justice to reach its decision. The argument is without merit.

The Tharps also state that they have attempted to resolve the dispute by working with the IRS through its Problem Solving Division. The regulations regarding the exhaustion of administrative remedies is 26 C.F.R. § 301.7433–1. The regulation provides in part:

(a) *In general. . . .*

An action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d) of this section.

. . . .

(d) *No civil action in federal district court prior to filing an administrative claim—*

(1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:

(i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or

(ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

* The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

. . . .

(e) *Procedures for an administrative claim*—(1) *Manner.* An administrative claim for the lesser of $100,000 or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the district director (marked for the attention of the Chief, Special Procedures Function) of the district in which the taxpayer currently resides.

(2) *Form.* The administrative claim shall include:

(i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

(ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation of correspondence with the Internal Revenue Service);

(iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

(iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

(v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

. . . .

(g) *Period of limitations*—(1) Time for filing. A civil action under paragraph (a) of this section must be brought in federal district court within 2 years after the date the cause of action accrues.

(2) *Right of action accrues.* A cause of action under paragraph (a) of this section accrues when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action.

The Tharps argued in the district court as to this issue that:

The Plaintiff's [sic] in this matter have in fact exhausted all administrative remedies available to them. Specifically, the Plaintiff's [sic] have been the subject of an audit by the I.R.S., they have pursued relief through the Assessment Division of the I.R.S., they have pursued relief and have participated in the Problem Solving Division of the I.R.S., and they have also participated in an internal investigation conducted by the Internal Revenue Service.

The administrative remedies described by the Tharps' attorney do not comply with the procedures set forth in § 301.7433–1. Therefore, the Tharps have failed to exhaust their available administrative remedies as required by § 301.7433–1.

■ The complaint is also barred by the applicable two-year statute of limitations set forth in § 301.7433–1. A taxpayer has two years to file suit in the district court after a cause of action accrues against the IRS. The Tharps state that a $27,900 loss on their 1994 income tax return was reported as a profit. The IRS subsequently retained refunds due them for the tax

years 1995 through 1998. Thus, as the district court noted, the Tharps knew by at least 1996 that there was a problem with their 1994 return. The Tharps filed their complaint on January 4, 2000. Therefore, the complaint is barred by the two-year statute of limitations of § 302.7433–1.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.